Filed 7/14/26  P. v Bernal CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUBEN BERNAL,<br><br>    Defendant and Appellant. | B348552<br><br>(Los Angeles County Super. Ct. No. XNVPA046660) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant Ruben Rodriguez Bernal (defendant) was charged with two counts of willful, deliberate, and premeditated attempted murder of a peace officer (Pen. Code,[1] §§ 187, 664), two counts of assault with a firearm on a peace officer (§ 245(d)(1)), one count of possession of a firearm by a felon (former § 12021(a)(1)), and one count of grand theft auto (§ 487(d)(1)). The charges were predicated on evidence that defendant, at age 27, pointed a firearm at deputies while attempting to escape being detained during a traffic stop. A trial jury convicted defendant on all charges and found true firearm and Three Strikes law allegations. The trial court sentenced defendant to 109 years in prison. The conviction and sentence were affirmed on direct appeal. (*People v. Bernal* (Sept. 14, 2007, B192608) [nonpub. opn.].)

In July 2025, defendant submitted a request to the trial court for a *People v. Franklin* (2016) 63 Cal.4th 261 hearing to preserve evidence for a future youth offender parole hearing. (*Id.* at 284 ["It is not clear whether Franklin had sufficient opportunity to put on the record the kinds of information . . . relevant at a youth offender parole hearing. [¶] . . . [¶] If the trial court determines that Franklin did not have sufficient opportunity, then the court may receive submissions . . ."].) The trial court denied defendant's request for a *Franklin* hearing because he is not eligible for such a hearing—he was 27 at the time of the offenses of conviction, which is beyond the statutory age cutoff for a youth offender parole hearing.

---

[1]     Undesignated statutory references that follow are to the Penal Code.

Defendant noticed an appeal, and this court appointed counsel to represent him. After examining the record, defendant's attorney filed an opening brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that raises no issues but asks us to independently review the record. This court thereafter invited defendant to submit a supplemental brief and he has done so. We confine our opinion, and our review of the record, to that brief. (*Id.* at 232.)

Defendant's supplemental brief maintains the trial court "ignore[ed] [his] background," did not use his "true arrest record," and did not "use its discretion" or "refer to a mitigation specialist." Defendant also appears to seek to collaterally attack an earlier Three Strikes law conviction he sustained at age 19. Even if any of this were true, it would not establish the trial court erred in denying defendant a *Franklin* hearing. It is undisputed that defendant was 27 years old at the time of the offenses of conviction and he is accordingly not eligible for a youth offender parole hearing—or a *Franklin* hearing to preserve evidence for a youth offender parole hearing that will not occur. (§ 3051(a)(1) ["A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger . . . at the time of the controlling offense"].)

## DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM (D), J.

4